IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV360-01-MU

| | |
|---|---|
| TOMMIE L. HARGROVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| R. DAVID MITCHELL, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed November 15, 2007.

In his Complaint Plaintiff alleges that on or about November 11, 2004, he sent three DC 190 forms to his case manager in order to have yearly Christmas checks drawn from his prison trust account and sent to three individuals. Plaintiff alleges that he also sent a personal letter to be included with each check in the accompanying envelope. On November 18, 2007, his case manager returned the three personal letters to him with a note saying that the personal letters needed to be sent separately. Plaintiff alleges that he subsequently met with Defendant Slagle to ask him why he could not send his personal letters with his checks. Plaintiff contends that he was shortly thereafter asked to give the letters to someone to give to Defendant Slagle. Plaintiff assumed that Defendant Slagle had decided to send the letters with the checks but discovered that was not the case when he spoke with family members on November 28, 2004. Plaintiff states that he thereafter made an inquiry about the letters and was informed by Defendant Lawler on or about December 8, 2004, that

the letters were on Defendant Slagle's desk but that he was out of town. Plaintiff states that on December 15, 2004, the letters were returned to him. Plaintiff is seeking $ 117, 500.00 in damages.

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights or federal statutory rights was violated by a person acting under the color of state law. 42 U.S.C. § 1983. Having reviewed Plaintiff's Complaint, this Court concludes that Plaintiff has failed to state a claim of constitutional magnitude against the named defendants.

A prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment. See Heimerle v. Attorney General, 753 F.2d 10, 12-13 (2d Cir. 1985). Isolated incidents of mail mishandling, however, do not rise to the level of a constitutional violation. See e.g., Pearson v. Simms, 345 F. Supp. 2d 515, 519 (D. Md. 2003)(holding that "occasional incidents of delay or non-delivery of mail" are not actionable), aff'd, 88 Fed. Appx. 639 (4th Cir. 2004); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003)(noting that isolated incident of mail tampering is usually insufficient to state a constitutional violation); Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va. 1990)(holding that an isolated incident of mail mishandling which is not part of any pattern or practice is not actionable under § 1983). In the instant case, Plaintiff has alleged only one isolated incident of mail mishandling. Indeed, even though almost three years have passed since the incident at issue, no other mail mishandling is alleged by Plaintiff. As such, this Court finds that even if Plaintiff's allegations are true, he has failed to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim.

Signed: December 4, 2007

Graham C. Mullen
United States District Judge